UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL BOPP, as an individual and on behalf of the Estate of Randolph Bopp,<br><br>Plaintiffs,<br>v.<br><br>VERNON HOLBROOK, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:23-CV-01282<br><br>(MEHALCHICK, J.) |

### MEMORANDUM

This case was initiated upon Plaintiff Russell Bopp's ("Bopp") filing of a complaint on August 2, 2023, alleging a wrongful death cause of action against Defendants Vernon Holbrook ("Holbrook") and Osmose Utilities Services, Inc. ("Osmose") (collectively, "Defendants"). (Doc. 1). Presently before the Court is a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and a motion to strike under Fed. R. Civ. P. 12(f) brought Defendants. (Doc. 11). For the following reasons, the motion shall be **DENIED**.

I. **BACKGROUND AND PROCEDURAL HISTORY**

The following factual summary is derived from Bopp's complaint. (Doc. 1). On April 26, 2023, Bopp's father, Randolph Bopp ("Decedent"), was riding his bicycle near or at the intersection of SR 399/ Miffin Road and Broad Street in Nescopeck, Luzerne County, when he was struck and killed by a truck operated by Holbrook and owned by Osmose. (Doc. 1, ¶ 7). Whereas Decedent had the right of way, Holbrook entered the intersection "without clearance" and did not appropriately yield to traffic and cyclists. (Doc. 1, ¶ 20). Bopp avers as a result of Holbrook's "negligent, careless, and/or reckless conduct," his father was killed. (Doc. 1, ¶ 22). Bopp asserts four Counts: 1) Count I: Wrongful Death – Negligence against Holbrook ("Count I") (Doc. 1, ¶¶ 16-27); Count II; Survival against Holbrook ("Count II")

(Doc. 1, ¶¶ 28-31); Count III Wrongful Death- Negligence against Osmose ("Count III") (Doc. 1, ¶¶ 32-42); and Count IV Survival against Osmose ("Count IV") (Doc. 1, ¶¶ 43-46). On October 2, 2023, Defendants filed their motion to dismiss and to strike as well as a brief in support. (Doc. 11; Doc. 13). On October 17, 2023, Bopp filed a brief in opposition. (Doc. 12). Accordingly, the motion is fully briefed and ripe for discussion. (Doc. 11; Doc. 13; Doc. 12).

II. **LEGAL STANDARDS**

   A. RULE 12(B)(6) MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint are true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although a court must accept the factual allegations in a complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In *Ashcroft v. Iqbal*, the United States Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### B. RULE 12(F) MOTION TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The "purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Natale v. Winthrop Res. Corp.,* No. 07-2686, 2008 WL 2758238, at *14 (E.D. Pa. July 9, 2008) (internal quotation marks omitted).

"Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action." *Champ v. USAA Casualty Insurance Company*, 2020 WL 1694372, at *2 (E.D. Pa. 2020); quoting *Lee v. Eddystone Fire & Ambulance*, No. 19-cv-3295, 2019 WL 6038535, at *2 (E.D. Pa. Nov. 13, 2019) (quotation omitted). "[S]triking a pleading or a portion of a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice.' "*Id.;* quoting *Lee v. Dubose Nat'l Energy Servs., Inc.*, No. 18-cv-2504, 2019 WL 1897164, at *4 (E.D. Pa. Apr. 29, 2019) (same). Thus, motions to strike pursuant to Rule 12(f) are generally disfavored "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Natale*, 2008 WL 2758238, at *14 (quoting *River Rd. Devel. Corp. v. Carlson Corp.,* No.

3

89-7037,1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)); *Eddystone Fire*, 2019 WL 6038535 at *3 (same).

Further, "[w]hen faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Cestra v. Mylan, Inc.*, No. 14-825, 2015 WL 2455420, at *7 (W.D. Pa. May 22, 2015) (quoting *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009), *as amended* (July 6, 2009)).

III. **DISCUSSION**

    A. <u>MOTION TO DISMISS/ STRIKE BOPP'S AVERMENTS OF RECKLESSNESS</u>

Defendants argue that Bopp's statements alleging recklessness in his complaint should be stricken and dismissed as "bald allegations" lacking factual support. (Doc. 11, at 11; Doc. 13, at 3-5, 7). Bopp submits his "averments of recklessness are proper because reckless is a statement of mind which may be averred generally." (Doc. 12, at 3).

To determine whether Bopp met his pleading burden in this case, the Court reviews applicable Pennsylvania law. *See Erie v. Tompkins*, 304 U.S. 64, 78 (1938). A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).

> An actor's conduct is in reckless disregard of the safety of others if "he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent."
>
> *White v. Trybala*, No. 3:19-CV-14, 2019 WL 2119982, at *3 (M.D. Pa. May 15, 2019) (quoting Restatement (Second) of Torts § 500).

In his complaint, Bopp alleges that Holbrook struck Decedent because he failed to stop

4

and yield before proceeding into an intersection. (Doc. 1, at 3, 5). According to Bopp, Decedent died as a result of Holbrook's "negligent, careless, and/or reckless conduct[.]" (Doc. 1, ¶ 22). Bopp further provides that Holbrook's recklessness manifested through particulars, including but not limited to:

> b. In operating the truck at a high and/or dangerous speed under the circumstances; c. In operating the truck in a dangerous manner under the circumstances; d. In failing to have the truck under proper control; e. In continuing to operate the truck in an attempt to enter the intersection when this Defendant saw or, in the exercise of reasonable care, should have seen that further operation in that direction would result in a collision; f. In failing to pay proper attention and failing to maintain an appropriate lookout of the roadway and surrounding traffic conditions; g. In failing to sound a horn or give other warning of the approach of the truck. . .

(Doc. 1, at 6).

At this stage, viewing the allegations in the light most favorable to the plaintiff, the Court finds that Bopp has alleged "enough facts to raise a reasonable expectation that discovery will reveal evidence of" recklessness/reckless conduct in his assertion that Holbrook was operating his truck in an unsafe way when he struck and killed Decedent. *Twombly*, 550 U.S. at 556; *see White v. Trybala, et al.*, No. 3:19-CV-14, 2019 WL 2119982, at *3 (M.D. Pa. May 15, 2019) (denying defendants' motion to dismiss because plaintiff pled enough facts to suggest discovery would reveal evidence of reckless conduct where plaintiffs alleged the defendant was driving a tractor-trailer in an endangering fashion when he hit plaintiff's vehicle). Accordingly, the Court will **DENY** Defendants' motion to dismiss/strike Bopp's claims of recklessness/reckless conduct. (Doc. 11, ¶¶ 9-22); *see Castelli-Velez v. Moroney*, No. 3:20-CV-00976, 2021 WL 978814 (M.D. Pa. Mar. 16, 2021) (denying defendants' motion to strike and motion to dismiss where plaintiffs sufficiently alleged reckless conduct).

B. M<small>OTION TO</small> S<small>TRIKE</small> B<small>OPP'S</small> C<small>LAIMS FOR</small> D<small>AMAGES</small>

Defendants argue Bopp's damage claims are "overbroad, vague, and unsupported," and thus should be stricken from the complaint.[1] (Doc. 11, at 14; Doc. 13, at 5). Specifically, Defendants argue that Bopp is not entitled to punitive damages under the Wrongful Death Act. (Doc. 13, at 7). Bopp asserts his claims for damages under the Wrongful Death Act and the Survival Act are proper and permitted by law because he is only seeking what he is entitled to as a beneficiary of his father's estate and as a wrongful death beneficiary. (Doc. 12, at 8). Further, Bopp states he is willing to stipulate he is not seeking punitive damages, consistent with the fact he makes no mention of punitive damages in his complaint.[2] (Doc. 1; Doc. 12, at 8).

Recognizing that a motion to strike is a drastic remedy and Bopp's damage claims do not contain "immaterial, impertinent, or scandalous matter," the Court will not strike Bopp's claims for damages.[3] See *Castelli-Velez*, 2021 WL 978814, at *4 (denying a motion to strike a

---

[1] Defendants also appear to aver the Wrongful Death Act would not permit "the persons listed in the complaint," to recover damages because they are "adult children whom reside at addresses and/or in towns different than that of Mr. Bopp." (Doc. 11, at 15). Additionally, Defendants include that "[u]pon understanding and belief, Randolph Bopp was 65 years old, retired and residing in a senior living community at the time of the incident." (Doc. 11, at 15). While it is not readily apparent why this information would bar recovery under the Wrongful Death Act, none of these details are included in the complaint. (Doc. 1). Accordingly, they will not be considered for the purpose of this motion to dismiss.

[2] Because Bopp is not seeking punitive damages, the Court will not address Defendants' punitive damages arguments on the merits. (Doc. 13, at 7).

[3] To the extent that Defendants also appear to request the Court dismiss Bopp's claim for damages, "[c]ourts frequently decline to dismiss punitive damages claims where. . . the plaintiff has alleged recklessness." See *Castelli-Velez*, 2021 WL 978814, at *4; see also *Shelton v. Gure*, No. 3:19-CV-0843, 2019 WL 4168868, at *2 (M.D. Pa. Sept. 3, 2019) (denying defendants' motion to dismiss punitive damages, stating "[a]t this stage of the litigation, Plaintiff's allegations of recklessness are sufficient."). These courts often conclude that a motion to dismiss a request for punitive damages is improper where a complaint sufficiently alleges the reckless conduct giving rise to the damage claim, and the damage claim itself is not an additional allegation. Cf. *Harvell v. Brumberger*, No. 3:19-CV-2124, 2020 WL 6947693, at *8 (M.D. Pa. Nov. 4, 2020), *report and recommendation adopted*, No. 3:19-CV-2124, 2020 WL 6946575 (M.D. Pa. Nov. 25, 2020) ("As a general rule, the courts have deemed such motions

claim for damages where the request for damages was not "redundant, immaterial, impertinent, or scandalous matter."). It cannot be said that Bopp's damage claims "have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues in the case[.]'" *Rowles v. GGNSC Altoona Hillview LP*, No. 3:17-CV-22, 2018 WL 559160, at *5 (W.D. Pa. Jan. 24, 2018) (citing *Hay v. Somerset Area Sch. Dist.,* No. 3:16-CV-229, 2017 WL 2829700, at *3 (W.D. Pa. June 29, 2017)) (internal citation omitted). Instead, Bopp's request for damages is appropriately detailed as to provide notice of the relief he seeks for his claims and does not go beyond the scope of what is permitted by either the Survival Act or the Wrongful Death Act. (Doc. 1); 42 Pa. Stat. § 8301; 42 Pa. Stat. § 8302. Accordingly, the Court will **DENY** Defendants' motion to strike Bopp's claims for damages at this juncture. (Doc. 11, ¶¶ 23-37).

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss and motion to strike are **DENIED**. (Doc. 11). An appropriate Order follows.

BY THE COURT:

Dated: April 26, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

to dismiss punitive damages claims to be premature and inappropriate where, as here, the complaint alleges reckless conduct."); *Cf. also Black v. Metso Paper USA, Inc.*, 240 F.R.D. 155 (M.D. Pa. 2006) (determining that because the allegations in the complaint, if proven true, would support a claim for punitive damages, the damage claim survived a motion to dismiss). Under this reasoning, in this case, because the complaint sufficiently alleges the underlying wrongful death and negligence claims, dismissing Bopp's claims for damages would be premature.

7